UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MICHELLE SMITH,

    Plaintiff,

v.                                          Case No:   2:17-cv-423-FtM-MRM

COMMISSIONER OF SOCIAL
SECURITY,

    Defendant.
_____/

## OPINION AND ORDER

Before the Court is Plaintiff Michelle M. Smith's Complaint filed on July 24, 2017. (Doc. 1). Plaintiff seeks judicial review of the final decision of the Commissioner of the Social Security Administration ("SSA") denying her claim for a period of disability and disability insurance benefits. The Commissioner filed the Transcript of the proceedings (hereinafter referred to as "Tr." followed by the appropriate page number), and the parties filed their joint legal memoranda in support of their positions. For the reasons set out herein, the decision of the Commissioner is **AFFIRMED** pursuant to § 205(g) of the Social Security Act, 42 U.S.C. § 405(g).

**I.    Social Security Act Eligibility, the ALJ Decision, and Standard of Review**

    **A.    Eligibility**

The law defines disability as the inability to do any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 416(i), 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. The impairment must be severe, making the claimant unable to do her previous work or any

other substantial gainful activity that exists in the national economy. 42 U.S.C. §§ 423(d)(2), 1382c(a)(3); 20 C.F.R. §§ 404.1505 - 404.1511, 416.905 - 416.911. Plaintiff bears the burden of persuasion through step four, while the burden shifts to the Commissioner at step five. *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987).

### B. Procedural History

On February 14, 2014, Plaintiff filed an application for disability insurance benefits. (Tr. at 74, 183-84). Plaintiff asserted an onset date of July 3, 2012. (*Id.* at 183). Plaintiff's application was denied initially on June 26, 2014 and on reconsideration on August 27, 2014. (*Id.* at 74, 91). A hearing was held before Administrative Law Judge ("ALJ") Christopher L. Dillon on January 7, 2016. (*Id.* at 38-58). The ALJ issued an unfavorable decision on June 2, 2016. (*Id.* at 17-31). The ALJ found Plaintiff not to be under a disability from July 3, 2012, through the date of the decision. (*Id.* at 30).

On May 24, 2017, the Appeals Council denied Plaintiff's request for review. (*Id.* at 1-5). Plaintiff filed a Complaint in the United States District Court on July 24, 2017. (Doc. 1). This case is ripe for review. The parties consented to proceed before a United States Magistrate Judge for all proceedings. (*See* Doc. 12).

### C. Summary of the ALJ's Decision

An ALJ must follow a five-step sequential evaluation process to determine if a claimant has proven that she is disabled. *Packer v. Comm'r of Soc. Sec.*, 542 F. App'x 890, 891 (11th Cir. 2013) (citing *Jones v. Apfel*, 190 F.3d 1224, 1228 (11th Cir. 1999)).[1] An ALJ must determine

---

[1] Unpublished opinions may be cited as persuasive on a particular point. The Court does not rely on unpublished opinions as precedent. Citation to unpublished opinions on or after January 1, 2007 is expressly permitted under Rule 31.1, Fed. R. App. P. Unpublished opinions may be cited as persuasive authority pursuant to the Eleventh Circuit Rules. 11th Cir. R. 36-2.

whether the claimant: (1) is performing substantial gainful activity; (2) has a severe impairment; (3) has a severe impairment that meets or equals an impairment specifically listed in 20 C.F.R. Part 404, Subpart P, Appendix 1; (4) can perform her past relevant work; and (5) can perform other work of the sort found in the national economy. *Phillips v. Barnhart*, 357 F.3d 1232, 1237-40 (11th Cir. 2004). The claimant has the burden of proof through step four and then the burden shifts to the Commissioner at step five. *Hines-Sharp v. Comm'r of Soc. Sec.*, 511 F. App'x 913, 915 n.2 (11th Cir. 2013).

The ALJ found that Plaintiff met the insured status requirements through December 31, 2017. (Tr. at 19). At step one of the sequential evaluation, the ALJ found that Plaintiff had not engaged in substantial gainful activity since July 3, 2012, the alleged onset date. (*Id.* at 19). At step two, the ALJ determined that Plaintiff suffered from the following severe impairments: "a cervical and lumbar spine disorder, traumatic brain injury residuals (to include an organic mental disorder), an anxiety-related disorder, and an affective disorder (20 CPR 404.1520(c))." (*Id.*). At step three, the ALJ determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 C.F.R. pt. 404, subpt. P, app. 1 (20 C.F.R. §§ 404.1520(d), 404.1525, and 404.1526). (*Id*. at 20).

At step four, the ALJ found the following:

> The claimant retains the functional capacity for work that involves lifting no more than 20 pounds at a time with frequent lifting or carrying of objects weighing up to 10 pounds; pushing or pulling similar amounts; standing, walking, and sitting for 6 hours each; no climbing of ropes/ladders/scaffolding; no more than occasional ability to perform all other postural activity; no more than frequent reaching, but no reaching above shoulder level; no more than frequent handling and fingering; no exposure to hazards, such as dangerous moving machinery and unprotected heights; no more than occasional interaction with supervisors, coworkers, and the public; and no more than simple, routine tasks without assembly-line production.

(Tr. at 22).

The ALJ determined that Plaintiff was unable to perform any past relevant work. (*Id.* at 29). The ALJ considered Plaintiff's age, education, work experience, and residual functional capacity, and found that there were jobs that existed in significant numbers in the national economy that Plaintiff could perform. (*Id.*). The ALJ noted that the vocational expert identified the following representative occupations that Plaintiff was able to perform: (1) photocopy machine operator, DOT # 207.685-014, light, unskilled, SVP 2; (2) collator/operator, DOT # 208.685-010, unskilled, light, SVP 2; and (3) laundry sorter, DOT # 361.687-014, unskilled, light, SVP 2. (*Id.* at 30).[2] The ALJ concluded that Plaintiff was not under a disability from July 3, 2012, through the date of the decision. (*Id.*).

### D. Standard of Review

The scope of this Court's review is limited to determining whether the ALJ applied the correct legal standard, *McRoberts v. Bowen*, 841 F.2d 1077, 1080 (11th Cir. 1988), and whether the findings are supported by substantial evidence, *Richardson v. Perales*, 402 U.S. 389, 390 (1971). The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. §405(g). Substantial evidence is more than a scintilla—*i.e.*, the evidence must do more than merely create a suspicion of the existence of a fact, and must include such relevant evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982); *Richardson*, 402 U.S. at 401).

Where the Commissioner's decision is supported by substantial evidence, the district court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that "the evidence preponderates against" the Commissioner's

---

[2] "DOT" refers to the *Dictionary of Occupational Titles*.

decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The district court must view the evidence as a whole, taking into account evidence favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560; *accord Lowery v. Sullivan*, 979 F.2d 835, 837 (11th Cir. 1992) (court must scrutinize the entire record to determine reasonableness of factual findings).

## II.     Analysis

On appeal, Plaintiff raises three issues. As stated by the parties, they are:

(1)     Whether the RFC for light work is supported by substantial evidence and adequately addresses all of Plaintiff's medically determinable impairments, as required under 20 C.F.R. § 404.1545; SSR 96-8p.

(2)     Whether the ALJ's finding that the Plaintiff does not meet, or medically equal, a Medical Listing is supported by substantial evidence.

(3)     Whether the ALJ's assessment of Plaintiff's credibility is supported by substantial evidence, as required by 20 C.F.R. § 404.1529(c); SSR 96-7p.

(Doc. 18 at 14, 20, 25). The Court addresses each issue in turn.

### A.     Whether the RFC for Light Work Is Supported by Substantial Evidence

Plaintiff argues that the RFC assessment does not account for Plaintiff's (1) need to change positions and (2) need to be off-task that results from Plaintiff's inability to sustain concentration and focus due to her traumatic brain injury and mental impairments. (Doc. 18 at 15-16). The Commissioner argues in response that the ALJ fully evaluated the record and substantial evidence supports his assessment of Plaintiff's RFC. (*Id.* at 17).

"The residual functional capacity is an assessment, based upon all of the relevant evidence, of a claimant's remaining ability to do work despite his impairments." *Lewis v. Callahan*, 125 F.3d 1436, 1440 (11th Cir. 1997). An individual's RFC is her ability to do physical and mental work activities on a sustained basis despite limitations secondary to her

5

established impairments. *Delker v. Comm'r of Soc. Sec.*, 658 F. Supp. 2d 1340, 1364 (M.D. Fla. 2009). In determining a claimant's RFC, the ALJ must consider all of the relevant evidence of record. *Barrio v. Comm'r of Soc. Sec.*, 394 F. App'x 635, 637 (11th Cir. 2010). However, the Eleventh Circuit has consistently held that "the claimant bears the burden of proving that [she] is disabled, and consequently, [she] is responsible for producing evidence in support of her claim." *Ellison v. Barnhart*, 355 F.3d 1272, 1276 (11th Cir. 2003). The Court addresses Plaintiff's contentions concerning her need to change positions and then turns to her contentions regarding being off-task.

### 1. Need to Change Positions

Plaintiff asserts that her RFC does not account for her medically documented need to change positions throughout the day. (Doc. 18 at 15). Plaintiff cites to neurologist Dr. Martinez's records in which he opined that Plaintiff had a medical need to change positions every thirty (30) minutes. (*Id.* at 15- 16). The Commissioner contends that substantial evidence supports the ALJ's decision not to accept Dr. Martinez's opinion concerning the need to change positions. (*Id.* at 18).

On December 8, 2015, Robert Martinez evaluated Plaintiff. (Tr. at 1598-1605). Dr. Martinez concluded, *inter alia*, that "[g]iven these injuries and MRI findings, [Plaintiff] is restricted from lifting greater than 20 pounds from a bent position or 10 pounds repetitively as well as keeping her neck or back in a fixed position for greater than 30 minutes without being able to move it." (Tr. at 1604). Dr. Martinez also found Plaintiff to be "100% permanently, totally disabled, unable to work, function, or compete in a competitive job environment for the rest of her life." (*Id.*). The ALJ gave little weight to Dr. Martinez's opinion, finding it to be internally inconsistent and "radically out of line with the weight of the record evidence." (*Id.* at

28). The ALJ found that Dr. Martinez's assertion that Plaintiff is 100% disabled exceeds the scope of Dr. Martinez's expertise, conflicts with his finding that Plaintiff can manage light duties (such as lifting 20 pounds from a bent position and 10 pounds repeatedly), and conflicts with Dr. Martinez's examination notes where he indicated no atrophy or fasciculations; no signs of thoracic outlet syndrome; no signs of ulnar nerve entrapment; normal sensory inputs and reflexes; normal tone and strength in all extremities; and no more than a slightly antalgic gait. (*Id.*). The ALJ continued, "[t]hough Dr. Martinez's objective findings also present evidence of swelling, muscle spasms, and tenderness throughout the claimant's spine, nothing in those findings even begin to approach supporting the contention that the claimant 'is 100% permanently, totally disabled' (Id. [sic] at 4-6,7). Accordingly, I have given Dr. Martinez's opinion little weight." (*Id.*).

Here, the ALJ considered Dr. Martinez's opinion concerning Plaintiff's limitations and afforded it little weight. The ALJ determined that Dr. Martinez's opinion was internally inconsistent, exceeded the scope of his expertise, and conflicted with his examination notes. (*Id.*). The ALJ supported this determination by citing to Dr. Martinez's records. Plaintiff cites to no other medical records to support her need to change positions. Given the record as a whole, the Court finds that the ALJ properly considered and weighed the opinion of Dr. Martinez, and substantial evidence supports the ALJ's RFC determination that contains no limitation as to a need to change positions.

2. **Time Being Off-Task**

Plaintiff asserts that the ALJ erred by not accounting for Plaintiff being off-task due to her inability to sustain concentration and focus, stemming from her traumatic brain injury and mental impairments. (Doc. 18 at 16). Plaintiff claims that she will have off-task time or will

7

need extra breaks at work. (*Id.*). The Commissioner contends that Plaintiff does not cite to any objective medical evidence to support these contentions. (*Id.* at 19). The Court agrees. Plaintiff does not cite to any objective medical evidence that supports her contention that she will be off-task or need extra breaks during the workday. (*See id.* at 16). Thus, the Court finds that Plaintiff does not meet her burden of showing that she has these limitations. *See Ellison*, 355 F.3d at 1276. Accordingly, the Court finds that the ALJ did not err in failing to include a limitation for being off-task or in need of extra breaks in Plaintiff's RFC.

### B. Whether Plaintiff Meets a Listing

Plaintiff contends that she suffered numerous cervical and other injuries from her July 2012 motor vehicle accident. (Doc. 18 at 21). Plaintiff asserts that she has been diagnosed with several cervical disorders including spinal stenosis. (*Id.*). Plaintiff argues that spinal stenosis is one of the spinal disorders addressed in Listing 1.04A. (*Id.*). Plaintiff states that two (2) of her MRI's showed evidence of a "'compromise of a nerve root . . . or the spinal cord.'" (*Id.*). Plaintiff argues that the ALJ erred at step 3 of the analysis when he found that Plaintiff did not meet Listing 1.04 based on the singular reason that Plaintiff's nerve roots have never been compromised. (*Id.*). Plaintiff contends that the evidence of record does not support this finding and this finding is inconsistent with the ALJ's summary of the medical evidence. (*Id.*).

The Commissioner contends that Plaintiff did not demonstrate that she met all of the criteria of Listing 1.04A in that she did not show that she has a spine disorder resulting in a compromise of a nerve root or spinal cord, and show evidence of nerve root compression satisfying the criteria of this Listing. (*Id.* at 22, 24).

At step three, to meet the requirements of a listing, a plaintiff must "have a medically determinable impairment(s) that satisfies all of the criteria in the listing." 20 C.F.R. §

8

404.1525(d). The Listings of Impairments in the Social Security Regulations identifies impairments that are considered severe enough to prevent a person from engaging in gainful activity. *See* 20 C.F.R. Pt. 404, subpt. P, app. 1. If a plaintiff can meet a listed impairment or otherwise establish an equivalence, then a plaintiff is presumptively determined to be disabled, and the ALJ's sequential evaluation of a claim ends. *Edwards v. Heckler*, 736 F.2d 625, 626 (11th Cir. 1984). The burden is on Plaintiff to show that she meets the Listings. *Wilkinson on Behalf of Wilkinson v. Bowen*, 847 F.2d 660, 662 (11th Cir. 1987). If an impairment manifests only some of the criteria, then it does not qualify, no matter how severe the impairment. *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990).

To meet a Listing, a plaintiff must have a diagnosis included in the Listings, and "must provide medical reports documenting that the conditions meet the specific criteria of the Listings and the duration requirement." *Wilson v. Barnhart*, 284 F.3d 1219, 1224 (11th Cir. 2002) (citing 20 C.F.R. § 1525(a)-(d)). "If a claimant has more than one impairment, and none meets or equals a listed impairment, the Commissioner reviews the impairments' symptoms, signs, and laboratory findings to determine whether the combination is medically equal to any listed impairment." *Id*. (citing 20 C.F.R. § 404.1526(a)).

Listing 1.04A provides as follows:

*1.04 Disorders of the spine* (e.g., herniated nucleus pulposus, spinal arachnoiditis, spinal stenosis, osteoarthritis, degenerative disc disease, facet arthritis, vertebral fracture), resulting in compromise of a nerve root (including the cauda equina) or the spinal cord. With:

A. Evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, if there is involvement of the lower back, positive straight-leg raising test (sitting and supine).

20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04 (emphasis in original).³

At step three, the ALJ found that Plaintiff did not meet or equal a physical listing. (Tr. at 20). The ALJ found that no medical opinion of record supports such a finding nor does the evidence of record as a whole support such a finding. (*Id.*). Further, the ALJ noted that the "signatures of the State Agency Medical Consultants on Form SSA-831 is implicit recognition that the consultants have considered and ruled out a finding that a listing was either met or equaled." (*Id.*).

Based upon the criteria for Listing 1.04A, Plaintiff must show (1) a disorder of the spine – such as spinal stenosis – that results in a compromise of the nerve root or spinal cord, *and* (2) evidence of nerve root compression that is characterized by (a) neuro-anatomic distribution of pain, (b) limitation of motion of the spine, and (c) motor loss accompanied by sensory or reflex loss. 20 C.F.R. pt.404, subpt. P, app. 1 § 1.04. Here the ALJ notes that an MRI revealed anterior central canal stenosis. (Tr. at 23). Thus, Plaintiff satisfies the first criteria of Listing 1.04A. The issue then becomes whether Plaintiff is able to satisfy the remaining criteria.

Plaintiff asserts that the sole reason the ALJ found Plaintiff did not meet Listing 1.04A was because Plaintiff did not demonstrate that her nerve roots have ever been compromised. (Doc. 18 at 21). Plaintiff argues that this reason conflicts with the ALJ's finding that Plaintiff's November 2012 MRI demonstrated cord compression. (*Id.*). Here, the ALJ found a compromise of the spinal cord, but did not find that the medical evidence showed nerve root compression. (Tr. at 23). Even though the November 30, 2015 MRI shows severe right and mild left neural foraminal stenosis, Plaintiff has not pointed to any medical records or met her burden of showing

---

³ In this case, Plaintiff complains of a cervical spine disorder and, thus, the section of Listing 1.04A relating to the lower back does not apply.

all of the following: (a) neuro-anatomic distribution of pain; (b) limitation of motion of the spine; and (c) motor loss accompanied by sensory or reflex loss. *See* 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04. To meet Listing 1.04A, Plaintiff has the burden to demonstrate that she meets *all* of the criteria of the Listing. *Wilson*, 284 F.3d at 1224. Here, Plaintiff failed to meet her burden. Accordingly, the Court finds that the substantial evidence supports the ALJ's decision that Plaintiff did not meet Listing 1.04A.

### C. Whether Substantial Evidence Supports the ALJ's Subjective Symptom Determination

Plaintiff argues that the ALJ provided only a minimal discussion of Plaintiff's credibility in describing her subjective symptomatology. (Doc. 18 at 26). Plaintiff claims that the ALJ failed to fulfill his obligation to provide specific reasons for rejecting Plaintiff's pain testimony. (*Id.* at 27). The Commissioner argues that the ALJ properly evaluated Plaintiff's subjective complaints pursuant to the regulations and the Eleventh Circuit case law. (*Id.*).

To establish disability based on testimony of pain and other symptoms, a plaintiff must satisfy two prongs of the following three-part test: "(1) evidence of an underlying medical condition; and (2) either (a) objective medical evidence confirming the severity of the alleged pain; or (b) that the objectively determined medical condition can reasonably be expected to give rise to the claimed pain." *Wilson v. Barnhart*, 284 F.3d 1219, 1225 (11th Cir. 2002) (citing *Holt v. Sullivan*, 921 F.3d 1221, 1223 (11th Cir. 1991)). After an ALJ has considered a plaintiff's complaints of pain, the ALJ may reject them as not credible, and that determination will be reviewed to determine if it is based on substantial evidence. *Moreno v. Astrue*, 366 F. App'x 23, 28 (11th Cir. 2010) (citing *Marbury v. Sullivan*, 957 F.2d 837, 839 (11th Cir. 1992)). If an ALJ discredits the subjective testimony of a plaintiff, then he must "articulate explicit and adequate reasons for doing so. Failure to articulate the reasons for discrediting subjective testimony

requires, as a matter of law, that the testimony be accepted as true." *Wilson*, 284 F.3d at 1225 (citations omitted). "A clearly articulated credibility finding with substantial supporting evidence in the record will not be disturbed by a reviewing court." *Foote v. Chater*, 67 F.3d 1553, 1562 (11th Cir. 1995)).[4]

The factors an ALJ must consider in evaluating a plaintiff's subjective symptoms are: "(1) the claimant's daily activities; (2) the nature and intensity of pain and other symptoms; (3) precipitating and aggravating factors; (4) effects of medications; (5) treatment or measures taken by the claimant for relief of symptoms; and other factors concerning functional limitations." *Moreno*, 366 F. App'x at 28 (citing 20 C.F.R. § 404.1529(c)(3)).

Here, the ALJ found that Plaintiff's medically determinable impairments could reasonably be expected to cause Plaintiff's alleged symptoms, but her statements concerning intensity, persistence, and the limiting effects of those symptoms was not entirely consistent with the medical and other evidence of record for the reasons he stated in his decision. (Tr. at 22-23). The ALJ discussed Plaintiff's testimony at the hearing concerning her problems with memory and forgetfulness, but contrasted this testimony with Plaintiff's testimony that she lives alone, cooks, drives, goes shopping, and socializes at coffee shops. (*Id.* at 22). The ALJ also noted that Plaintiff takes homeopathic medicine for her anxiety, muscle relaxers and over-the-counter pain relievers for her back pain, hot baths, and massages. (*Id.* at 23). The ALJ then discussed in

---

[4] Effective March 28, 2016, SSR 16-3p superseded SSR 96-7p. *See* SSR 16-3p, 2016 WL 1119029 (March 16, 2016). SSR 16-3p explains that "we are eliminating the use of the term 'credibility' from our sub-regulatory policy, as our regulations do not use this term. In doing so, we clarify that subjective symptom evaluation is not an examination of an individual's character." *Id.*

12

depth Plaintiff's medical records. (*Id.* at 23-29). After considering Plaintiff's subjective symptoms and the medical evidence, the ALJ determined Plaintiff's limitations as follows:

> Given the effects of the claimant's impairments, I have limited her to the performance of light work that involves no climbing of ropes/ladders/scaffolding; no more than occasional ability to perform all other postural activity; no more than frequent reaching, but no reaching above shoulder level; no more than frequent handling and fingering; no exposure to hazards; no more than occasional interaction with supervisors, coworkers, and the public; and no more than simple, routine tasks performed without assembly-line production. As noted above, I have considered the claimant's pain symptoms at their fullest extents to conclude that greater exertional demands would likely outstrip her ability to work and unduly erode her occupational base. Considering the claimant's back pain and its effects on her ambulatory abilities, I have also precluded her from jobs that call for vertical climbing. Likewise, I have placed a limitation on her other postural activities in order to avoid aggravating her physical pain symptoms. The cascading effects of the claimant's back pain on her upper extremity ranges of motion also justifies limiting her to work that involves no more than frequent reaching (and no reaching above shoulder level), while the numbness and tingling she has experienced in her hands warrants a mild limitation on her handling/fingering responsibilities. The claimant's pain distraction and mental confusion additionally counsel in favor of limiting her to work that precludes exposure to hazards, as such workplace conditions represent unnecessarily dangerous impediments to her ability to work. Moreover, the claimant's mental impairments (particularly her anxiety, which has been, to this point, minimally treated), support limiting her to jobs that require no more than occasional interaction with coworkers, supervisors, and the public, as anxiety, depression, and attention/memory-related problems make increased social expectations untenable. Further, the claimant's anxiety, depression, and attention/memory-related problems necessitate limiting her to the performance of simple, routine tasks without the added pressures of assembly-line production requirements. Simply put, the claimant's mental impairments leave her unable to remember and manage the processes necessary to complete more complex, job related tasks.

(*Id.* at 25).

The Court finds that the ALJ provided an in-depth analysis of Plaintiff's subjective symptoms and considered them thoroughly in the decision. The ALJ considered Plaintiff's daily activities, the nature and intensity of Plaintiff's pain and other symptoms, any precipitating and aggravating factors, the effects of Plaintiff's medications, her treatment for her conditions, and the medical record as a whole. The ALJ credited some of Plaintiff's subjective symptoms as

evinced by the limitations in the RFC and provided clearly articulated reasons supported by substantial evidence of record to reject some of Plaintiff's other subjective symptoms. Accordingly, the Court finds that the ALJ did not err in his subjective symptom determination and this determination is supported by substantial evidence.

**III. Conclusion**

Upon consideration of the submissions of the parties and the administrative record, the Court finds that substantial evidence supports the ALJ's decision and the decision was decided upon proper legal standards.

**IT IS HEREBY ORDERED:**

The decision of the Commissioner is hereby **AFFIRMED** pursuant to sentence four of 42 U.S.C. § 405(g). The Clerk of Court is directed to enter judgment accordingly, terminate any pending motions and deadlines, and close the case.

**DONE AND ORDERED** in Fort Myers, Florida on July 6, 2018.

_____
MAC R. MCCOY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties